UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FABIAN SANTIAGO,

    Plaintiff,

v.

JONATHON WALLS, *et al.*,

    Defendant.

Case No. 02-cv-784-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Fabian Santiago's ("Santiago") "Motion Requesting Certification and a Stay of Court Proceedings" (Doc. 108), which the Court construes as a request for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(a) and (b) and a stay of the proceedings in this Court pending resolution of the interlocutory appeal. Magistrate Judge Frazier has denied the motion to stay as premature (Doc. 117). The Court now addresses the remainder of the motion: the request for certification of an interlocutory appeal.

It appears that Santiago wants to appeal the Court's April 21, 2004, order denying Santiago's request for the Court to recuse itself (Doc. 46), Magistrate Judge Frazier's July 8, 2004, order denying Santiago's request for appointment of counsel (Doc. 72), the Court's December 6, 2004, order denying Santiago's request for a default judgment and preliminary injunctive relief (Doc. 103) and the Court's December 6, 2004, order affirming Magistrate Judge Frazier's decisions regarding amendment of Santiago's complaint (Doc. 104). He also states that he wishes to appeal a discovery matter upon which the Court rules today in a separate order. The Court will first address Santiago's motion as it applies to non-injunctive matters, then will address it as it applies to injunctive matters.

Non-Injunctive Matters

A court may certify a question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) when it finds that an order not otherwise appealable "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court of Appeals then has discretion to allow the appeal should the party wishing to appeal timely file a notice of appeal.

As for the orders the Court has already entered regarding recusal, appointment of counsel, default judgment, amendment of the complaint and discovery, the Court finds that such orders can be reviewed effectively after final judgment and do not involve a controlling question of law as to which there is substantial ground for difference of opinion. The Court further finds that an immediate appeal from any of the aforementioned orders would not materially advance the ultimate termination of the litigation. For these reasons, the Court declines to certify those orders for interlocutory appeal.

Injunctive Matters

Pursuant to 28 U.S.C. § 1292(a)(1), a party may take an interlocutory appeal of a district court order refusing to issue an injunction. Santiago wants to appeal the Court's refusal to issue an injunction directing the Illinois Department of Corrections to house him in a single-man cell. He asks for the Court to certify this issue for appeal, but under § 1292(a)(1), no such certification is necessary. For this reason, this portion of Santiago's motion will be denied as moot. However, the Court will construe Santiago's motion for certification as a notice of appeal of the Court's denial of his request for a preliminary injunction (Doc. 103).

A stay of this action is unnecessary. It is true that ordinarily the filing of a notice of

appeal divests this Court of jurisdiction over the matters involved in the appeal.  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-59 (1982) (*per curiam*) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal");  *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000).  It does not, however, divest the district court of jurisdiction over aspects of the case that are ancillary to the discrete issues on appeal.  *May*, 226 F.3d at 879.  In this case, Santiago's appeal is limited to the issue of whether the preliminary injunction should issue.  The other aspects of this case may continue, and a blanket stay of this case is inappropriate.  From this point forward, the Court will evaluate each matter as it arises to determine if it has jurisdiction to consider the particular matter in light of the interlocutory appeal..

    For these reasons, the Court **DENIES** the remaining portions of the motion for certification of interlocutory appeal and stay (Doc. 108), **CONSTRUES** the motion as a notice of appeal and **DIRECTS** the Clerk of Court to docket it accordingly as of December 15, 2004, the date it was placed into the prison mail system.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  Santiago's additional motions for a ruling on the motion for certification (Docs. 125 & 129) are rendered **MOOT** by this order.

**IT IS SO ORDERED.**
**DATED:  June 8, 2005**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**